Good morning. We have four argued cases this morning. The first of these is No. 14-1813, the R.R. Gregory Corporation v. Army. Mr. Cohen. Good morning. May it please the court. The board committed fundamental legal error below in these proceedings by holding that the government had a common law right of set-off and that, therefore, it properly exercised that right of set-off in withholding ... Why wouldn't it have a common law right of set-off? Well, in the absence of the Contract Disputes Act and the Raytheon decisions, as well as Sikorsky, it would have a common law right of set-off. In fact, in Johnson, which the board relied on, the common law right of set-off prevailed over it. In that case, there was a conflict between the common law right of set-off and retainage clause. And this court held in 2003 that the retainage clause ... Yeah, but why wouldn't there be a common law right? I mean, there's Supreme Court cases going back to the earliest days of the Republic holding that the government has a common law right of set-off. I don't see that the CDA eliminated the government's common law right of set-off. Your argument has to be that the government didn't exercise its common law right of set-off until some date that was within the statute of limitations period. Well, Your Honor, with due respect, the Raytheon decision ... That's the Court of Federal Claims decision. This court affirmed that decision on April 4, 2014, holding that it is a bedrock principle of government contract law, that all claims, whether asserted by a contractor or by the government, must be the subject of a contracting officer's final decision. Set-off is accomplished, as it was in the Johnson case, by writing a letter. All that's required there, none of the requirements that apply to a contracting officer's final decision, which are the protections that that act is supposed to afford, apply to a set-off. Do you lose if we hold that there's a common law right of set-off? No, no, please don't talk in the courtroom. I'm sorry. No, no. That would be a major issue, but I think that the Court of Federal Claims decision, as affirmed in Raytheon by this court, dictate that the proposition that the common law right of set-off, that the government has a common law right of set-off ... But what's the answer to the question? If there is a common law right of set-off, do you lose? I think that's quite probably so, Your Honor. But I thought your argument was that the Contract of Speeds Act, which was enacted after this common law right, could potentially abridge that common law right of set-off. And if this is a government claim, as claim is understood under the Contract of Speeds Act, and therefore the government, just like the contractor, would have to go through all the statutory mechanisms to perfect that claim, which would thereby overcome the otherwise default common law set-off, right? Absolutely correct, Your Honor, and I think the case law ... I'm trying to figure out whether you were too quick to concede that you're right. I don't believe that under these circumstances, where the Contract of Speeds Act clearly applies as a government contract, I do not believe that the government has a common law right of set-off, and that, as you just explained it, Your Honor, those protections and those requirements in the Contract of Speeds Act restrict, as the court said in Raytheon, or abrogate the common law right of set-off, and that the basic law ... What in the history of the CDA indicates that the common law right of set-off was being abrogated? Was it abrogated by the Tucker Act also, so that if the contractor elected to go to the Court of Federal Claims, that there'd be a right of set-off, but not if it was pursuant to the CDA? I think it's the way the case law ... I don't know the specific legislative history, but I think the case law ... No, Your Honor. I think in either forum, the Contract of Speeds Act restricts or abrogates or renders ineffectual the common law right of set-off. Well, what indication is there in these governing statutes that that was the intent? Because there are explicit provisions that have requirements that are far above and completely different than what's required for a set-off, which, as I said before, is virtually nothing. There are the protections of a contracting officer's final decision, which would be in conflict with set-off, and includes the right to know what the areas of agreement and disagreement are, what the rationale of a contracting officer is, and most importantly, providing appeal rights. That's a very important part of the requirements of the CDA. All these requirements ... What do we make out of the contract dispute, the statute, which says, actually expressly allows for failure by a contracting officer to issue a decision on a claim within the required time period is deemed to be a decision by the contracting officer denying the claim. Obviously, Congress contemplated that there would be times when a contracting officer didn't actually formally issue a final decision. There's a time period here. For any claim more than $100,000, which this is, a contracting officer shall, within 60 days, issue a decision. Right under that, in the same statute, it then says, failure to issue the decision within the required time period is a deemed decision denying. Well, it seems that Congress has contemplated a decision denying being deemed. A deemed decision doesn't provide notice of appeal rights, right? I mean, how could it? It's a deemed denial. There isn't actually a piece of paper. And yet, Congress expressly said this deemed denial would start the clock, authorizing an appeal or action on the claim as otherwise provided in this chapter. What do we make of that? Congress obviously contemplated a set of circumstances in which there would not be a final decision with all of that detailed indicia that is present in FAR number 33. Two things around it. Number one, in a deemed denial situation, while it authorizes an appeal, the case law is clear, Pathman and Decker, it does not trigger the start of the appeal period. And secondly, the deemed denial is really not applicable here, because that's only with regard to the assertion of a contractor claim. That deemed denial statute and those arguments do not apply here with respect. There's nothing that says that. The claims are for either government claims or contractor claims. In all of these provisions, I don't see anything that limits it to contractor claims. Why are you saying the statute is limited to contractor claims? It is my understanding, Your Honor, and I would have to find something to be specific, that, and I've had a number of these cases, it's when a contractor submits a claim. Let's say a certified claim over $100,000. Let's say under $100,000, like you were saying. And the decision is not issued. The contracting officer's decision is not issued within 60 days. That's a deemed denial. But here, where we're talking about what a number of cases say is a government claim, the assessment of liquidated damages, the deemed denial is not an issue. The requirement under 7103A4A and FAR 33.206B and the disputes clause is for the contracting officer to issue a valid contracting officer's decision within six years of the accrual of that claim. And with respect, I don't believe the deemed denial portions would apply to that. Coming back to my earlier question, what is it in the history of the CEA that indicates that it was designed to eliminate the government's common law right of set-off? Well, I think I said I was not aware of anything specific in the legislative history. The case law, as it has developed, and especially in the last five to ten years, is consistent with that rule of law that the Contract Disputes Act represents. And the law, of course, is that the common law right of set-off... But we have not held that the CEA eliminates the common law right of set-off, correct? Your Honor, I would read this Court's opinion in Raytheon, affirming the Court of Federal Claims' opinion in Raytheon. First of all, it was an affirmance. Second of all, it stated that it is a bedrock principle that all claims, whether certified or contract government, must be the subject of a contracting officer's decision. And I would read that decision as... Our decision does not specifically address the set-off question, right? There is language in the Court of Federal Claims' opinion, which may be helpful to you, but not in our opinion, is there? There is no express... In fact, the word set-off, I do not believe, appears in this Court's decision. But it was affirmed, and those bedrock principles were stated. In your view, I just want to understand how you reconcile Johnson and its discussion of set-offs with the CDA. So let me see if I can state something and see if you agree with it. Would it be your position that Johnson allows the government to retain or reach out and take liquidated damages money in advance of a final decision, but it does not? And that, to the extent that it's a set-off, they're allowing the government to take it as against the final payment, but it doesn't obviate the government's need to otherwise comply with the requirements of the CDA to effectuate that claim properly. Would that be right? Is that what you would say? Because Johnson clearly allows them to take the money from the last payment. That much is true. But would you say it doesn't obviate the need of the government to have to comply with the rest of the CDA, including the final decision requirement? Yes. In Johnson, there was no requirement to comply with the CDA. The set-off, in and of itself, with those minimal requirements of notice and corroboration and writing, were sufficient. And that was considered, in that case, to be a sufficient set-off that the government was entitled to do. You're exactly right. And what happens in this case is a similar withholding was made. A payment was not made of $143,000. But you just said what I would agree with. The government, as a government claim, was obligated to comply with the requirements of the CDA and to issue a proper contracting officer's decision within six years of the approval, which it did not do. I thought in Johnson, there was a statement in the Court's opinion that made it clear that there was no contracting officer final decision required in that case. In Johnson, that's correct. Because Johnson didn't deal with the CDA. Well, virtually every single one that I'm aware of... What I'm trying to understand is, under your theory of the CDA, wasn't Johnson wrongly decided? No, because, first of all, the contract in Johnson was awarded before these more recent provisions were added to the CDA. Johnson... Okay, if the facts of Johnson were today... Yes. Are you saying that the outcome would have to be the opposite of what we held in Johnson? I would say that case arising today should be resolved against the government, because the government did a set-off, and it's my position, as reflected in the cases that I've mentioned, that the CDA restricts or abrogates the common law right to set-off. What date were these amendments that you're relying on? I believe they apply to contracts awarded after... And I may get the month wrong. I apologize. I want to say September 1995, and the contract in Johnson... Whatever the exact date is, the contract in Johnson was a few months prior to that. Okay, so how does the amendment... What do the amendments in 1995 say, and how do they help you? They establish the requirement for the government to... The obligation of the government to issue a final decision within six years of the approval of, in this case, a government claim. Is there any other fact pattern that you're aware of that's like yours in the sense that you want us to believe that there's essentially a total 12-year statute of limitations operating, where first the government has six years to seek the payment of the money, and then if they don't pursue that claim, then you, the contractor, get six years after that then to go after the money? Well, I've never seen that before. Is there a case that looks like that? I think I said in my brief, I cited cases where the CO decision was issued more than six years after the approval date, that those claims were a novelty or time-barred. And I believe this assertion, this argument, is a logical extension of those cases. The only difference here being that the government, in our view, never issued a contracting officer's final decision, and yet has retained these funds without ever complying with even one requirement in the Contract Disputes Act. All right. Mr. Cowen, we're out of time. We'll give you two minutes for rebuttal. Thank you. Mr. Rector. Good morning, and may it please the Court. The Board of Contract Appeals correctly found that R. Gregory's claim was untimely. The claim occurred no later than August 4, 2004, and they didn't submit a claim until approximately eight years later, beyond the six-year statute of limitations. I'm sorry. Go ahead. Was the government's claim – was it a claim? Was the government's holding of the liquidated damages money from the final payment, $129,000? I don't know if I'm getting the amount right. $143,000. $143,000. Was that a claim by the government? No, it was not a government claim. A claim is defined in the contract and the Federal Acquisition Regulation is when a party is seeking payment as a matter of right. We weren't seeking any payment. We had already withheld the money. Looking for a change to the contract, you know, the contract as written was fine. The contract dates that the government was relying on were settled in the modifications. Obviously, there's no challenge to the terms of the liquidation agreement – or the liquidating damages part of the agreement. And then there was no other relief that the government was looking for. The government was actually looking to maintain the status quo, not looking for any kind of relief. And so there was no government claim here, and the government did not assert it. There's no FAR provision, though, that says that the government can do this in terms of just withholding the money. I mean, it believes it has a right to have certain money or the right to refuse to pay certain money. I don't see that there's a FAR provision that specifically says when there's a liquidated damages provision in a contract, the government can exercise its right to withhold payment of money and then force the contractor to chase after it. I think the Federal Acquisition Regulation of 5211-12, which is the liquidated damages provision, says exactly what the government did. It says if the contractor fails to complete the work within the time specified, the contractor shall pay to the government the liquidated damages. Right, so that's what I'm trying to figure out what that means, shall pay to the government. That sounds arguably a little different than the government just unilaterally choosing to withhold money. Well, the government didn't. The process is a give and take during the course of the contract, and the way it happens under this contract and most federal government construction projects is that the government, on a periodic basis, usually monthly, issues a pay estimate. That pay estimate describes the contract balance, what's been paid to date, all the various pluses and minuses. Then, in this case, because it's a pay estimate, and the payment provision actually uses the same language as the liquidated damages clause in those terms, it includes a calculation of the liquidated damages and says, okay, we're paying you X amount for your work under the contract. You're paying us X amount for the liquidated damages to date, and that gets a total balance. Then, the government settles up that balance at the end of the month by a payment or not, depending on, and that's exactly what happened here beginning in early 2003. The government began in the pay estimates explaining exactly that. Here's the contract balance. Here's what's been performed to date and paid to date and so forth. Do you understand, and I guess maybe in my overly simplistic view, that there could arguably be a distinction between someone paying you money, someone handing over money to you, versus you withholding money that you are obligated to pay to the contractor. I think I see the distinction you're trying to make. It wouldn't really work in a contracting circumstance where payments have to be settled up on a monthly basis. It wouldn't make sense for the government to overpay and then for the government or the contract to stay to write a check and hand it right back. You wouldn't do that in any other type of transaction. There's no need to do it here, and I don't think the contract contemplates that. I say that because, as I mentioned, the language in the liquidated damages provision uses the same payment language that the payment provision uses, and so the way to settle that up would not be to do cross payments but to do it in a single pay estimate and then make the payment, if there's a payment in one direction or the other, to make the payment just one time by one party. So it's your view that the withholding of money here was not a government claim. The claim is used in the CDA, right? That's right. Is it the government's view that any time for any reason should the government withhold money during the performance of a contract, that that also is never a government claim? Oh, no, no. This is confined to these particular facts, and although the contract is sort of a generic for a contract, there's a contract, and that is, for instance, the Raytheon is a good example of a circumstance where the government would have to make a claim. That is, it's looking for some type of affirmative recovery, but in that case, it's looking in particular for a change to the contract, and that's what drove the Raytheon decision because under the contract as written, going back to the beginning of that case, the reason why there was a government set-off or a claim that was sought was because of the change in the cost accounting. They were just going to calculate pension costs. And because the government's assertion of a recovery in that case was not just a regular old contract set-off or a liquid damages provision that's spelled out and calculated in the contract, the FAR specifically required the government in that case to assert a claim for an equitable adjustment. The government never did that, and because the government never sought an equitable adjustment, it never had a basis in the first place to withhold the money. There's no contractual basis. Here you have that contractual basis. The other place where you... Well, I don't understand. Liquidated damages are a form of damages, damages for breach of contract. This contract had a completion date in it. All liquidated damages clause does is actually take away the need to ascertain by fact-finding the amount of damages because the parties have agreed on what the amount of damages for breach of completion date would be. But I don't see how it could possibly not be a claim. Your claim is you didn't comply with the contract and complete on time. It's just that the contract, great, specifies the exact amount that will be at issue, but I don't see how you could call liquidated damages not damages for breach of contract. Yeah, let me draw a little bit of distinction in the question. What didn't happen here, it was a breach of contract. The beauty of the federal government contract is that the FAR captures most things that goes wrong, terminations and so forth, and says, okay, these are not going to be breached of contract. We'll deal with them within the scope of the contract. This is another one of those circumstances. Here you're correct that the contract did not complete on time, and the date on which it should have completed on time and the date on which it actually completed on time are not in dispute in this case. The dollars and the time is all settled. And the government worked within the contract to withhold those liquidated damages, and that's why it was able to do that without seeking a change to the contract or seeking an affirmative payment. It worked within the contract. No, the contract simply specified the amount per day. Are you saying that there is no breach of contract here? When they were late in completion, did that or did that not amount to a breach of contract? It's not necessarily a breach of contract. It's all happening within the contract. I mean, it clearly wasn't in compliance with the dates within the contract, but the contract says that the way you resolve that is by withholding liquidated damages for terminating the contract if necessary. But it's not necessary to say the contract's breached and we're going to walk away from the contract. We're still operating within the scope of the contract at that point. And the liquidated damages in this case in government contracts allows you to stay within that realm. I would have thought that the set-off right historically, which isn't in the FAR, because it's a common law right, a set-off, would give the government the right to withhold money and say you sue us if you think you're entitled to money under the contract, and we're setting off the progress payments that we would otherwise owe you to take account of liquidated damages. The government asserts a claim only when it's seeking some affirmative recovery over and above the amount of the retainage. Is that correct? Well, I think that's right, and that's the decision that we're talking about, or you're talking about the counselor earlier, is that context. And I think what the court... Where there's an affirmative recovery sought over and above the retainage. Well, right. As I was saying, the question in that case, does the clause allowing retainage limit the government's ability to set off to that amount? The answer was no, the common law right of set-off still exists, even with the FAR and even with the contract dispute act. That doesn't change. And so, yes, that's another way of looking at this case, is that, okay, yes, we do... Wait, so are you... I want to be clear. Are you saying the government withheld the liquidated damages money under a common law right of set-off, or are you saying the government withheld it under its rights pursuant to contract and FAR via liquidated damages? Because those seem to be two different things. There could be a common law claim, or there could be a contractual claim. Under which of those two is the government proffering its case today? Well, the government doesn't have a claim, so it has no need to invoke the right of set-off. But if the court were to construe this as a government claim, then the right of set-off could be invoked. But here, because the government has no claim, it was working entirely within the contract. And so you don't even need to get to the question... I'm not following this. I thought you were asserting that the government exercised its common law right of set-off here. No. No, that was our alternative argument in the brief, which was that if, in fact, this is a government claim, which we believe it is not, there's nothing for the government to claim in this case, then you could assert... I don't understand how the government can keep the money if it's not exercising its common law right of set-off. Well, it's keeping the money within the terms of the contract, and to the extent it became... if it had become a claim, that is, if we had... But the terms of the contract don't say that the government can keep the money. It says that the government is entitled to liquidated damages. It doesn't deal with the right of set-off or anything like that, does it? Well, the contract does deal with the right of set-off. The right of set-off... How does it deal with it? It's because it incorporates the FAR, and the right of set-off has been built into the FAR. There's no express... And the court in Placeway said that there's no need to have an express right of set-off in the contract, but the FAR does recognize the right of set-off in 52-232-5 and 52-232-17 in the way it deals with overpayments and return payments. But there's no express right of... There's nothing that spells out that right of set-off in the FAR or in this contract, and this court in Placeway said that that would just be an extra to it. Are those FAR provisions incorporated into this contract? Yes, both of those FAR provisions are incorporated in the contract. 52-232-5, I believe, was spelled out. It was incorporated not by reference, but by... So is what you're saying that you don't need to get to the common law right of set-off because you can rely on the FAR provisions? Well, but we can rely on the terms of the contract. It says the contract... I don't know, but apart from the FAR provisions, which you just mentioned, there isn't any... The liquidated damages provision in this contract doesn't say anything about set-off, right? It doesn't use the term set-off. It says the contractor shall pay, is what it says. Right, but that seems to me not recognizing a right of set-off. So the right of set-off either has to come from those FAR provisions that you mentioned or from the common law right, no? It comes from the common law, yes. Okay. I thought you were saying the opposite earlier. No, no. The FAR allows that common law right to not be infringed upon. The FAR is written consistent with Placeway. That is, there's nothing in the FAR that says there's no common law right of set-off or that we're somehow abrogating the common law right of set-off, and the two provisions that I mentioned are examples of clauses that allow the common law right of set-off to work alongside of the FAR provisions as they were promulgated. What if, hypothetically, we were to see what's going on here as really being a government claim, and then under the Contracts and Fees Act, the government would have to follow certain statutory procedures to that effect, right? If, for instance, in the Merrill-Packard situation where the government was looking for the affirmative right Before we go off, before you send me off into other fact patterns. Right. If we were to conclude that this is a government claim, then the government would have to comply with the Contracts and Fees Act. Is that right? I'm having a hard time finding where the government claim is, but yes, the answer is when the government has an affirmative claim, it would matter in this case, but yes. Yes, okay, because I'm just trying to explore to what extent, assuming, yeah, there always has been this common law set-off right. Right. But if we think that what happened here was a government claim, then under these circumstances, the CDA would control over the common law right. Would you say that's an accurate assessment? I wouldn't say it would control over the common law right, but it could be construed as a step that would also have to be followed, and that would be more or less the Raytheon path. That is, if the FAR says you have to seek an equitable adjustment, you have to make a claim, government, in order to get around the problem of not having a contract that says what you need it to say, then in order to get that contract modification, and if it wasn't reached by parties, the government may have a claim, and then if I'm following the question, we would need to follow the CDA requirements for bringing that claim. I'm just trying to ask a basic question. Common law backdrop rights. Yes. Abridged by the Contract Disputes Act. To the extent there is anything that looks like a conflict between the two. I don't know of any conflict, but no, abridged is probably not the right way to say it. The common law right of setup exists and always exists unabridged. The CDA, because if you had an affirmative claim... Are you saying that the CDA or any congressional act can't abridge a common law right? Oh, Congress could do whatever they want with the common law. That's not the issue. I don't think that they've done that here. I don't know of anything that suggests that the common law right of setup has been curtailed or abridged in any way. What about the 1995 amendments that Mr. Cohen was referring to? What do those do? The 1995 amendments were essentially the... I'm not sure what it was in those amendments that he would suggest. The CDA existed before 1995, right? 1978, yes. So what happened in 1995? In 1995, I don't think I can convey accurately to the court what happened in 1995. That might bear on the circumstances. If we disagree with you and if we view the government's retention of liquidated damages as a claim, then what happens? Well, we get to the same result because the problem here is not whether the government... The premise under this whole thing is that there needed to be a government claim. The reason why we're here is because R.R. Gregory is seeking an affirmative payment of its own in the amount of $143,000. That is, they have a claim that they have to assert. They didn't assert the claim in a timely manner, so that doesn't get them into the door of the Board of Contract Appeals. If there were a government claim, isn't the government obligated to issue a final decision which contains, among other things, notice of appeal rights, for example? Well, the notice of appeal rights are not an absolute requirement, but yes. Why not? We have cases that say so. Well, the cases look into whether there's prejudice. In this case, there's no assertion that there was any prejudice for lack of issuing any kind of notice. I didn't see the cases looking into prejudice. Which ones looked into prejudice? I understood them to say the statute of limitations doesn't start ticking. In fact, the statute itself says it has to be subject of a decision, a written decision, and it has to explain all the rights under this title. The rights under this title include, under Chapter 71, the appeal rights. It's not just FAR 33, but the statute expressly requires a final decision to contain notice of appeal rights. Regardless of whether the claim was made, and I see I'm well over time, but regardless of whether the claim was made, it wouldn't change anything here, because the question is how do you get into the door of the Board of Contract Appeals, and R.R. Gregory has no way of doing that. If this is a government claim, no claim was ever asserted, and so you can't get into the Board of Contract Appeals that way. Knowing if it's a government claim, no claim was ever asserted, that doesn't make sense. If we view the government's retention of the liquidated damages as a statement of a government claim, then isn't the government obligated to follow through and issue a final decision on that claim? I suppose, but you run headlong into whether it could be a claim, but I suppose yes. And what happens when the government never issues a final decision? Well, then the status quo is maintained. If the government doesn't issue a final decision, then the contractor, either there's a deemed denial of the claim, but there was no claim by the contractor here to be deemed denied. Not a claim by the contractor, but a claim by the government. That's right, but there's nothing here, if the government doesn't issue a final decision, then there's no next step. The contractor has to step up and say, we want the money, we want to get paid. If the government has issued a claim, the liquidated damages, isn't that claim deemed denied if there is no decision after 60 days? The statute says it's deemed denied, I don't know what I'm missing. Right, I guess the government's own claim would be denied. Right, and then their six-year clock started 60 days after you took the money, right? And it's now expired by the statute of limitations. Oh, that's right. So you win either way. You win either way. Right, right. I see your brain working, it's like the hamster's running on the wheel, as I'm saying it, because you're trying to figure out, wait, is this favorable or not favorable? Well, that's right, and that's at the core of all this, is that regardless, the time was, and R.R. Gregory makes this point in their brief, that the claim accrued more than six years, regardless of whose claim it was, and so we never get to that point, because the time expired regardless of whose claim it was. If your claim was denied, deemed denied, then isn't it up to you to pursue that, rather than Gregory? Right, and that's why it makes no sense for us to appeal our own decision. That's why this couldn't be a claim, and that's why the definition of claim is written the way it is. What you're saying is that you're holding the money, and if they want to get it from you, then they've got to ask for it in court within the six-year statute of limitations. Well, no, not in court, but they have to submit a claim within six years. Well, not even to the BCA. They have six years to present the claim to the contracting office, and that they never did. Here's another question. There were some other bases for withholding money in some of those pay estimates, right? I believe so, yes. And so what I'm trying to understand is, does the government believe that those withholdings are also not government claims? Those are, well, no, because typically the way those things resolve in a contract, for instance, if the contractor provides something different than what the government wanted, that's the basis for the withholding. That would be brought up with the contractor. The parties would negotiate a contract mod, and then the government would or wouldn't pay it, based on what the parties had agreed to. So it never rises to the level of claim. Well, what if it did? What if the parties couldn't arrive at an agreement? Well, then whose claim would it be? If the government doesn't pay a contractor for something the contractor feels it's owed money for, work that it believes it did that the government doesn't believe it did, then that's a claim that the contractor has to assert within six years of approval. So then, once again, going back to an earlier question I had, any and every time the government withholds money in one of those pay estimates, for whatever basis the government believes is legitimate for withholding money, it's the government's view that those are never government claims. Those are always contractor claims, and so, therefore, it's the obligation of the contractor to file some kind of appeal within six years of that withholding? Under the circumstances we've talked about so far, that's correct. But typically, the FAR would deal with it a little bit differently, in that there's a process for modifying the contract, for presenting those issues along the way that would bring that, not just the government says something and then six years later they're out of luck. It would be there's more interim steps that go along with the pay estimate. There's some kind of negotiation process. I understand that. Certainly. But if the negotiation doesn't work out, the claim would have accrued when the contractor knew everything that it should have known to make that claim available. Or if the government needed to call back the money, then it would be the government's problem to assert that claim. Can I just ask one general question? Yes. So, these contracts, like it incorporated a bunch of the FAR provisions, but only the ones really 52 dot whatever, whatever. Does that mean the rest of the FAR provisions don't apply? I mean, I'm just curious, in general matter, why incorporate some? I mean, don't all the regs apply? No, the regs don't all apply. And the short answer, there's two parts to it. One is that there's a FAR matrix, which doesn't get published in the books that you probably have on your desk with the FAR. It might be in the library. Wait, you think I have a book with the FAR on my desk? Oh, I don't know. I may need another person at this. But in your library, you've got the CFR. The FAR matrix is not there, but it's printed by GSA and you can get it online. It has a chart of each different contract type and what types of, which clauses are required and which are optional and so forth. Okay, so then that's the starting point where the government is putting together a contract. And then when we get to here, however, it's the Christian doctrine that applies. That is, certain contract clauses are incorporated, whether they're expressly written in or not. And I believe it was, I don't remember, a termination for convenience clause that the Christian doctrine dealt with. But certain clauses are going to be written into government contracts, regardless of whether the person putting pen to paper remembers to put them in or not. Okay, thank you. Okay, thank you. I just want to address one or two points. There was a lot of discussion about whether the assessment of liquidated damages is a government claim. In the briefing, there was a reference to FAR 2.101, which defines claim, is the definition of claim in the FAR. And there are three categories. The assessment of liquidated damages at a minimum falls into two of those categories and therefore is a claim and is a government claim. One category is adjustment or interpretation of contract terms. There are two board cases that I've cited that says that a liquidated damages claim arises under the default clause and a liquidated damages clause. So that assessment of liquidated damages, it falls under adjustment or interpretation. The third of a contract clause, the third category is the relating to category, which this court addressed in Todd Construction. And discussing relating to said that that in and of itself, just that one item, was a term of substantial breadth and it included anything that had some relationship to the terms or performance of a government contract. I would say, I argued in the brief, and I'll repeat here, that whether a contract was performed timely, whether it was excusable or inexcusable delay, whether LDS could be assessed certainly relates to the terms and performance of a government contract. And in my opinion, it is a claim. And if it is a government claim, those requirements of the CDA apply, including the issuance of a proper contracting officer's file. What the government is saying is it's not a claim unless they're seeking affirmative recovery. Well, I would say, if you look at the board's decision, they tried to make that, the board tried to make that argument, I believe, completely incorrectly. It cited Maripitas. And both in the government's brief and in the board's decision, they insinuate that the reason why there was a CO decision there was because there was affirmative recovery of $59,000 because the government was only holding $244. But if you look at Maripitas very closely, including the Court of Federal Claims decision, which I didn't cite, so I won't mention, it is very clear in the IRCA board decision, which I cited in my brief, that the demand in the liquidated damages in the contracting officer's final decision was for $303,000, not $59,000. So whether these are expended or unexpended funds is irrelevant. And if we carry that sort of argument to its logical conclusion, it would produce an absurd result. For example, government has claims sometimes for latent defects or warranties. Those almost invariably occur at the end of the contract when there's, let's say, assume very little money left in the contract. Does that mean for those kinds of government claims there would be a requirement for a contracting officer's decision? But if it occurred earlier, say a defective work claim, when there was, say, a million dollars in the contract, it hadn't been spent, but the claim was $50,000, there would be no requirement for a contracting officer's decision? It's illogical, and it would create a two-tiered system for the assertion of government claims that I think the court should reject. Okay. Thank you, Mr. Conrad. Thank you. Thank both counsels. Case is submitted.